## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

UNITED STATES SECURITIES & EXCHANGE COMMISSION,

    *Plaintiff-Appellant-Cross-Appellee,*

v.

RIPPLE LABS, INC.,

    *Defendant-Appellee-Cross-Appellant,*

BRADLEY GARLINGHOUSE, CHRISTIAN A. LARSEN,

    *Defendants-Appellees,*

JORDAN DEATON, JAMES LAMONTE, MYA LAMONTE, TYLER LAMONTE, MITCHELL MCKENNA, KRISTIANA WARNER, PHD ROSLYN LAYTON,

    *Intervenors.*

Nos. 24-2648(L), 24-2705(XAP)

## <u>STATUS REPORT</u>

Appellant-Cross-Appellee Securities and Exchange Commission submits this status report pursuant to this Court's April 16, 2025 order.  No. 24-2648 Dkt. No. 61.  In light of the developments described below, the Commission

respectfully requests that this Court continue to hold the appeals in abeyance, with the Commission to file a status report by August 15, 2025.

1.      On October 2, 2024, the Commission filed a notice of appeal from the district court's final judgment.  No. 24-2648 Dkt. No. 1.

2.      On October 10, 2024, Appellee-Cross-Appellant Ripple Labs, Inc. filed a notice of cross-appeal from the district court's final judgment.  No. 24-2705 Dkt. No. 1.

3.      On January 15, 2025, the Commission filed its opening brief.  No. 24-2648 Dkt. No. 45.

4.      On January 31, 2025, this Court issued scheduling orders establishing April 16, 2025 as the deadline for Ripple's response and opening brief and for Appellee Bradley Garlinghouse's and Appellee Christian A. Larsen's response brief.  No. 24-2648 Dkt. Nos. 57, 59.

5.      On April 10, 2025, the parties jointly moved this Court to hold the appeals in abeyance because the parties had reached an agreement-in-principle, subject to Commission approval, to resolve the underlying case and the appeals, and required additional time to obtain Commission approval for the agreement-in-principle, and if approved by the Commission, to seek an indicative ruling from the district court.  No. 24-2648 Dkt. No. 60.

2

6.      On April 16, 2025, this Court granted the parties' motion, holding the appeals in abeyance and ordering the Commission to file a status report within 60 days.  No. 24-2648 Dkt. No. 61.

7.      On May 8, 2025, after the Commission approved the agreement-in-principle, the parties executed a settlement agreement to resolve this litigation that is conditioned upon the district court modifying the final judgment.  No. 20-cv-10832 Dkt. No. 983-1.  Pursuant to the settlement agreement, the Commission and Ripple agreed to jointly move the district court for an indicative ruling as to whether the district court would, upon their joint motion, (a) dissolve the injunction included in the final judgment and (b) order that the escrow account holding the $125,035,150 civil penalty imposed against Ripple in the final judgment be released and distributed with $50 million paid to the Commission in full satisfaction of that penalty and the remainder paid to Ripple.  If the district court issues the requested indicative ruling, the Commission and Ripple will move this Court for a limited remand to seek such relief from the district court.  If this Court grants the requested limited remand, the Commission and Ripple will file a motion with the district court requesting the modification of the final judgment described above.  And if the district court so modifies the final judgment, the Commission and Ripple will move this Court to dismiss, respectively, the Commission's appeal and Ripple's cross-appeal.

3

8.      Also on May 8, 2025, the Commission and Ripple jointly moved the district court for the indicative ruling described above.  No. 20-cv-10832 Dkt. No. 983.

9.      On May 15, 2025, the district court denied the May 8, 2025 indicative ruling motion because the motion did not address whether "exceptional circumstances" warrant the requested modification of the final judgment pursuant to Federal Rule of Civil Procedure 60(b).  No. 20-cv-10832 Dkt. No. 984.

10.     On June 12, 2025, the Commission and Ripple renewed their joint motion for an indicative ruling, setting forth the exceptional circumstances that warrant the requested modification of the final judgment.  No. 20-cv-10832 Dkt. No. 987.  As of this filing, that motion remains pending before the district court.

11.     In light of the foregoing, the parties are in agreement that this Court should continue to hold the appeals in abeyance, with the Commission to file a status report by August 15, 2025.

Respectfully submitted,

DAVID D. LISITZA
*Senior Appellate Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549

4

(202) 551-7724 (Hill)
hillez@sec.gov

June 16, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2025, I electronically filed the foregoing

document with the Clerk of the Court for the U.S. Court of Appeals for the Second

Circuit through the Court's ACMS system.  All parties and counsel of record were

served with copies of the foregoing document on the same date through the Court's

ACMS system.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: June 16, 2025